FILED
SCRANTON

AUG 28 2014

PER _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

CARMEN MARIE MCCAULEY,

    Plaintiff,

v.

CAROLYN W. COLVIN,

    Defendant.

CIVIL ACTION NO. 3:13-CV-1065

(Judge Kosik)

## ORDER

AND NOW, THIS 28th DAY OF AUGUST, 2014, IT APPEARING TO THE COURT THAT:

(1) Plaintiff, Carmen Marie McCauley, protectively filed a Title II application for Disability Insurance Benefits ("DIB") on April 28, 2010. After Plaintiff's application was denied initially on September 15, 2010, Plaintiff requested and obtained a hearing before an Administrative Law Judge ("ALJ"). On November 10, 2011, the ALJ found that Plaintiff was not under a disability and denied her application. Plaintiff's request for review by the Appeals Council was denied. Plaintiff filed a Complaint appealing the final decision on April 23, 2013 (Doc. 1);

(2) This action is currently assigned to Magistrate Judge Susan E. Schwab;

(3) On August 15, 2014, the Magistrate Judge issued a Report and Recommendation (Doc. 20), wherein she recommended that the final decision of the Commissioner of Social Security, denying Plaintiff's claims for DIB be vacated, and the case be remanded to the Commissioner for further proceedings;

(4) The Magistrate Judge found that because the ALJ failed to fully explain his evaluation of the medical evidence, we are unable to make any meaningful assessment as to whether the ALJ's decision was supported by substantial evidence. Specifically, the Magistrate Judge found that the ALJ's failure to give an adequate

explanation for discounting Dr. Larkin, a treating source's, recitation of Plaintiff's symptoms and diagnosis of RSDS/CRPS, which was consistent with Plaintiff and her husband's testimony, as well as other probative evidence, rendered the ALJ's decision at Step Two, and the Residual Functional Capacity assessment, suspect. Therefore, the Magistrate Judge recommended that this case be remanded for further proceedings;

(5) On August 25, 2014, Defendant waived the opportunity to object to the Report and Recommendation (Doc. 21);

AND, IT FURTHER APPEARING THAT:

(6) If no objections are filed to a Magistrate Judge's Report and Recommendation, the plaintiff is not statutorily entitled to a *de novo* review of his claims. 28 U.S.C.A.§ 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-53 (1985). Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987); and

(7) We have considered the Magistrate Judge's Report, and we concur with her recommendation regarding the ALJ's assessment of the medical evidence.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge Susan E. Schwab dated August 15, 2014 (Doc. 20) is **ADOPTED**;

(2) The Clerk of Court shall enter judgment in favor of Carmen Marie McCauley and against the Commissioner of Social Security, as set forth in the following paragraph;

(3) The decision of the Commissioner of Social Security, denying Carmen Marie McCauley's Disability Insurance Benefits, is **VACATED**, and the case is **REMANDED** to the Commissioner of Social Security to:

(3.1) Conduct a new administrative hearing and re-evaluate the medical evidence, and in particular the findings at Step Two, as well as the Residual Functional Capacity assessment; and

(4) The Clerk of Court is further directed to **CLOSE** this case and to **FORWARD** a copy of this Order to the Magistrate Judge.

 

Edwin M. Kosik
United States District Judge